IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE CHAVEZ, | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. 3:18-CV-2013-N |
| STANDARD INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Jose Chavez's Motion to Compel Discovery [35]. For the reasons stated below, the Court denies the motion.

### I. ORIGINS OF THE DISPUTE

Chavez brought suit against Defendant Standard Insurance Company ("Standard") alleging that Standard wrongfully denied Chavez's claim for long-term disability ("LTD") benefits under a group LTD policy (the "Policy"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

Chavez alleges that he suffers from two disabling conditions and is entitled to over $375,000.00 in past and future LTD benefits. Standard admits that it initially paid Chavez disability benefits for seventeen months while Chavez's claim was under review. Standard, however, ultimately denied his claim and ceased payments after it determined that Chavez's disabilities were "Other Limited Conditions," subject to the Policy's 12-month limitation in payment of LTD benefits. Chavez then filed suit against Standard and now seeks to compel

the production of contractual and financial arrangements under which Standard's medical consultants played their respective roles in Chavez's LTD claim, as well as Standard's internal claim procedures.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Rule 34. The party resisting discovery must show how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Rule 26(b)(1) additionally provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

In an ERISA case, there are additional limitations on discovery. The Fifth Circuit explained in *Vega v. Nat'l Life Ins. Servs., Inc.* that a district court is generally limited to the administrative record and must not stray from it except in limited circumstances. 188 F.3d 287, 299 (5th Cir. 1999) (en banc), *overruled on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). Such circumstances include evidence related to how an

administrator interpreted terms of the plan and expert opinion that assists the district court in understanding medical terminology or practice. *Id.* The Fifth Circuit recently reaffirmed this rule when it altered the default standard of review in ERISA cases in *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246, 256 (5th Cir. 2018). In *Ariana M.*, the Fifth Circuit overturned prior precedent that required a district court to apply an abuse of discretion standard when reviewing an administrator's factual determinations. The Court held that in the absence of a valid delegation of discretionary authority, a plan administrator's denial of benefits is subject to de novo review, regardless of whether the denial is based on legal or factual determinations. *Id.* at 248.

The parties agree that a de novo standard of review applies to this case. Nevertheless, Chavez argues that discovery beyond the administrative record is relevant here based on the Fifth Circuit's holding in *Crosby*, which states that *Vega* does not prohibit the admission of evidence regarding "other questions that may be raised in an ERISA action, including "the completeness of the administrative record, whether the plan administrator complied with ERISA's procedural regulations, and the existence and extent of a conflict of interest created by the plan administrator's dual role in making benefits determinations and funding the plan." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011). Chavez alleges that because such "other questions" are raised here, discovery regarding whether Standard complied with ERISA's procedural regulations is relevant and therefore discoverable. The Court disagrees.

### III. THE COURT DENIES CHAVEZ'S MOTION TO COMPEL

## CONTRACTUAL AND FINANCIAL ARRANGEMENTS

Chavez sent requests for production to Standard, seeking documents concerning contractual and financial arrangements between Standard and Joseph Mandiberg, M.D. and William Volk, M.D., the medical consultants involved in Standard's assessment and denial of Chavez's LTD claim. Chavez alleges that such documents are discoverable because insurers, like Standard, "often use experts as a pretext to justify the denial of a claim" and because compliance with ERISA's procedural regulations is relevant here. Standard objects to the requests on the basis that such documents go beyond the administrative record and are improper in this case. In light of the Fifth Circuit's recent holding in *Ariana M.*, the Court agrees with Standard that the scope of review should be limited to the administrative record and therefore denies Chavez's motion to compel discovery that goes beyond it.

Chavez argues that Standard's contractual and financial arrangements with its medical consultants are relevant because Standard could have created a financial incentive for them to unreasonably deny claims. Pl.'s Mot. to Comp. at 21 [35]. Standard counters that Chavez is actually seeking "conflict of interest" discovery, which is only relevant in cases where a court applies an abuse of discretion standard.

Procedural unreasonableness and conflict of interest discovery are relevant in cases where the court applies an abuse of discretion standard of review because it can affect a district court's deference analysis. The Fifth Circuit has held that whether there is a conflict of interest "influences [the court's] analysis of whether an abuse of discretion occurred." *Burell v. Prudential Ins. Co. of Am.,* 820 F.3d 132, 139 (5th Cir. 2016). And a conflict is

"but one factor among many that a reviewing judge must take into account" when determining whether the administrator abused its discretion in denying benefits. *Id*. Moreover, "while not an independent basis for finding an abuse of discretion, procedural unreasonableness 'is a factor that informs whether the reviewing court may give more weight to the plan administrator's conflict of interest.'" *Id*. (quoting *Schexnayder v. Hartford Life & Accident Ins. Co.*, 600 F.3d 465, 469–74 (5th Cir. 2010)) (internal quotations omitted). The Fifth Circuit has additionally stated that:

> We have long held that in conducting review under an abuse of discretion standard, a district court should evaluate the administrator's fact findings regarding the eligibility of a claimant based on the evidence before the administrator . . . [but] we have also explained how other evidence, not dealing with the historical facts underlying the benefit determination, and therefore usually not in the administrative record, was relevant under our abuse of discretion analysis.

*Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 639 (5th Cir. 1992). In *Lafleur*, the Fifth Circuit further discussed procedural unreasonableness in the context of an abuse of discretion standard, stating that a failure to comply with ERISA's procedural requirements does not generally give rise to a substantive remedy.[1] *Lafleur v. Louisiana Health Serv. & Indem. Co.*, 563 F.3d 148, 159 (5th Cir. 2009). The Court additionally quoted the Ninth Circuit's holding in *Abatie* that unless the procedural violation is so flagrant that it alters the standard of review from abuse of discretion to de novo, all other non-flagrant procedural irregularities should be "weighed in deciding whether an administrator's decision was an abuse of discretion."

---

[1] *LaFleur* also states that remand to the administrator is typically preferred when the procedural violations are non-flagrant. Chavez, however, does not seek remand.

*Id.* (quoting *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 971 (9th Cir. 2006)). Thus, even if Chavez were only seeking the contractual and financial documents to demonstrate Standard's procedural unreasonableness in the handling of his claim, such discovery is not warranted here because the Court will apply a de novo standard of review and afford no deference to Standard.

Standard's argument that Chavez is merely seeking conflict discovery is further supported by language in the Complaint. The Complaint was filed shortly after *Ariana M.* was decided and is erroneously premised on the assumption that an abuse of discretion standard applies in this case. Chavez pleads procedural unreasonableness, as well as conflict of interest, but only to show that Standard abused its discretion in denying his claim for benefits. For example, Chavez states that "procedural unreasonableness justifies this Court in giving more weight to the conflict" and that "the general rule is that procedural violations do not warrant a substantive remedy . . . unless the record establishes that the administrator's denial was an abuse of discretion." Pl.'s Compl. at ¶ 275 [1] (internal quotations omitted). Again, because the Court will apply a de novo standard, such conflict and procedural unreasonableness discovery is unwarranted. Instead, the Court limits discovery to the administrative record and therefore denies Chavez's motion to compel.

Chavez additionally moves to compel production of Standard's internal claim procedures, which the Court acknowledges are discoverable in an ERISA case. Standard, however, provided Chavez with access to such documents once he agreed to the form

protective order, which was entered on December 7, 2018. The Court therefore considers this issue moot.

Signed April 22, 2019.

_David C. Godbey_
United States District Judge