IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE CHAVEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 3:18-cv-02013-N |
| | § | |
| STANDARD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS,
FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT
<u>PURSUANT TO FRCP 52, 59, AND 60</u>**

Ryan K. McComber
State Bar No. 24041428
ryan.mccomber@figdav.com
Cameron E. Jean
State Bar No. 24097883
cameron.jean@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000 – Telephone
(214) 939-2090 – Facsimile

**ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY**

## **TABLE OF CONTENTS**

I.     Overview ............................................................................................................. 1

II.    Argument and Authority..................................................................................... 3

    A.    The Legal Standards for the Motion. ............................................................. 3

    B.    Grounds for Amended Findings and Judgment............................................ 4

        1.    Standard Did Not Waive the Policy's Proof
              of Loss Requirement. ....................................................................... 4

            a.    Plaintiff Failed to Exhaust his Administrative
                    Remedies ............................................................................. 5

            b.    Remand is Appropriate under Binding
                    and Persuasive Precedent ................................................... 7

                1.    Remand is Appropriate under Fifth
                    Circuit Precedent....................................................... 7

                2.    Remand is the Appropriate Remedy
                    under Persuasive Precedent ...................................... 10

        2.    The Cases Cited by Plaintiff Do Not Change this Result ............... 12

            a.    Plaintiff's Inapposite Authority from Within
                    the Fifth Circuit................................................................. 12

             b.    Plaintiff's Inapposite Authority from Beyond
                    the Fifth Circuit................................................................. 15

        3.    Requiring a Premature "Any Occupation" Analysis
            Would Unduly Burden Plan/Claim Administrators. ....................... 18

III.    Relief Requested............................................................................................. 19

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adams v. Hartford Life & Acc. Ins. Co.*,
  2010 WL 2197173 (M.D. Ga. 2010) ............................................................ 11

*Asarco LLC v. Americas Min. Corp.*,
  Civ. A. No. 07–CV–10018, 2009 WL 2168778 (S.D. Tex. July 20,
  2009) ........................................................................................................... 3

*Barbu v. Life Ins. Co. of N. Am.*,
  35 F. Supp. 3d 274 (E.D.N.Y. 2014) ............................................ 6, 10, 11, 14

*Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*,
  215 F.3d 475 (5th Cir. 2000) ................................................................... 5, 6

*Bray v. Fort Dearborn Life Ins. Co.*,
  312 F. App'x 714 (5th Cir. 2009) ................................................................. 8

*Bray v. Fort Dearborn Life Ins. Co.*,
  No. 3:06-cv-560 ........................................................................................... 8

*Bullard v. Life Ins. Co. of N. Am.*,
  CIV.A. H-10-735, 2011 WL 11202 (S.D. Tex. Jan. 3, 2011) ....................... 7

*Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276 (10th Cir. 2002). .............. 14

*Denton v. First Nat'l Bank of Waco*,
  765 F.2d 1295 (5th Cir. 1985) ..................................................................... 5

*Fackelman v. Bell*,
  564 F.2d 734 (5th Cir. 1977) ....................................................................... 4

*Firestone Tire & Rubber Co. v. Bruch*,
  489 U.S. 101 (1989) ................................................................................... 13

*Fontenot v. Mesa Petroleum Co.*,
  791 F.2d 1207 (5th Cir. 1986) ..................................................................... 3

*Gagliano v. Reliance Standard Life Ins. Co.*,
  547 F.3d 230 (4th Cir. 2008) ............................................................... 13, 14

*Hall v. Nat'l Gypsum Co.*,
  105 F.3d 225 (5th Cir. 1997) ................................................................... 5, 6

*Hargis v. Idacorp Energy L.P.*, CIVA H-04-1692, 2005 WL 6456898
(S.D. Tex. Oct. 26, 2005) ............................................................................ 12

*Kent v. United of Omaha Life Ins. Co.*,
96 F.3d 803 (6th Cir. 1996) ....................................................................... 14

*Lafleur v. Louisiana Health Serv. & Indem. Co.*,
563 F.3d 148 (5th Cir. 2009) ....................................................... 13, 14, 15

*Lopez ex rel. Gutierrez v. Premium Auto Acceptance Corp.*,
389 F.3d 504 (5th Cir. 2004) ........................................................................ 7

*Mem'l Hermann Hosp. Sys. v. Hayden*,
01-13-00154-CV, 2014 WL 2767128 (Tex. App.—Houston [1st Dist.]
June 17, 2014, pet. denied) ......................................................................... 11

*Moss v. Unum Provident Group Corp.*,
CIV.A. 10-0002, 2013 WL 1087688 (W.D. La. Mar. 14, 2013) ................... 6

*Pakovich v. Broadspire Servs., Inc.*,
535 F.3d 601 (7th Cir. 2008) ............................................................. 11, 18

*Pitts v. Am. Sec. Life Ins. Co.*,
931 F.2d 351 (5th Cir. 1991) ...................................................................... 12

*Ray v. UNUM Life Ins. Co. of Am.*,
224 F. App'x 772 (10th Cir. 2007) ...................................................... 16, 17

*Rhorer v. Raytheon Engineers & Constructors, Inc.*,
181 F.3d 634 (5th Cir. 1999) ...................................................................... 12

*Roig v. Limited Long Term Disability Program*,
2001 WL 1267475 (5th Cir. 2001) ............................................................... 8

*Rucker v. Life Ins. Co. of N. Am.*,
CIV.A. 10-3308, 2012 WL 956507 (E.D. La. Mar. 20, 2012) ..................... 8

*Salyers v. Metropolitan Life Ins. Co.*,
871 F.3d 934 (9th Cir. 2017) ...................................................................... 15

*Schadler v. Anthem Life Ins. Co.*,
147 F.3d 388 (5th Cir. 1998) ................................................................... 7, 8

*Sullivan v. AT & T, Inc.*,
C/A 3-08-CV-1089-M, 2010 WL 905567 (N.D. Tex. Mar. 12, 2010) ......... 12

*Templet v. HydroChem Inc.*,
  367 F.3d 473 (5th Cir. 2004) ................................................................ 4

*In re Transtexas Gas Corp.*,
  303 F.3d 571 (5th Cir. 2002) ................................................................ 3

*Vega v. Nat'l Life Ins. Servs., Inc.*,
  188 F.3d 287 (5th Cir. 1999) .......................................................... 12, 13

*Wade v. Hewlett–Packard Dev. Co. LP Short Term Disability Plan*,
  493 F.3d 533 (5th Cir. 2007) ............................................................. 13

**Statutes**

29 U.S.C. § 1132(a)(1)(B) ................................................................. 2, 5, 7

**Other Authorities**

Fed. R. Civ. P. 52 .......................................................................... 1, 3

Fed. R. Civ. P. 59 .......................................................................... 1, 3

Fed. R. Civ. P. 60(b) ................................................................... 1, 3, 4

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS, FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT PURSUANT TO FRCP 52, 59, AND 60**

Defendant Standard Insurance Company ("Standard") files this Motion to Amend Findings, for New Trial, and to Modify or Correct the Judgment Pursuant to FRCP 52, 59, and 60 ("Motion") and respectfully states:[1]

## I. OVERVIEW

Standard paid Plaintiff LTD benefits for more than 12-months under the "Own Occupation" definition of Disability, then closed Plaintiff's LTD claim with payment through February 12, 2018 due to the application of the OLC Limitation. Plaintiff filed his lawsuit seeking LTD benefits under the Policy's "Own Occupation" definition of Disability, specifically challenging the application of the OLC Limitation by Standard during the time the "Own Occupation" definition of Disability applied. As such, the administrative record did not contain any administrative determination regarding whether Plaintiff met the "Any Occupation" definition of Disability. Nevertheless, Plaintiff made the conclusory argument at trial that Standard "chose litigation, thus waiving [its] right" to request proof of disability under the "Any Occupation" definition.[2] This is not true.

For the first 24-months for which LTD benefits are payable under the Policy, an "Own Occupation" definition of Disability applies, then the definition of Disability changes to a more restrictive "Any Occupation" definition.[3] During its administrative

---

[1] In the interest of brevity, the defined terms in Defendant's Trial Brief (Dkt. 75) are used in this Motion, as are short form citations.

[2] Dkt. 72 at 16.

[3] APP 7.

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS, FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT PURSUANT TO FRCP 52, 59, AND 60**

review of Plaintiff's claim under the "Own Occupation" definition of Disability (including Plaintiff's appeal), Standard determined that Plaintiff's entitlement to any benefits was limited because his disabling conditions fell under the Policy's OLC Limitation.  The maximum benefit period for the "Own Occupation" definition of Disability ended on September 2, 2018.  Standard issued its final decision letter on March 23, 2018,[4] and Plaintiff filed his lawsuit on August 2, 2018.  Accordingly, the "Any Occupation" definition of Disability did not come into effect before Plaintiff filed his lawsuit seeking LTD benefits under the "Own Occupation" definition of Disability.  Simply put, Standard did not have an opportunity to analyze whether Plaintiff was capable of performing "Any Occupation," so remand, not wavier, is the appropriate remedy under applicable law.

On April 14, 2020, the Court entered a final judgment in favor of Plaintiff, awarding $52,850.40 in accrued LTD benefits, together with costs of court (the "Judgment").[5]  Prior to entering the Judgment, the Court announced, through its Findings of Fact and Conclusions of Law (the "Findings") that it intended to grant Plaintiff's 29 U.S.C. § 1132(a)(1)(B) claim for benefits under the Policy.  Specifically, the Court found that Plaintiff's wrist condition did not fall under the Policy's OLC Limitation (although the Court found his shoulder and carpal tunnel conditions did based on the administrative record), such that Plaintiff was entitled to LTD benefits under the Policy's "Own Occupation" definition.  Despite the fact that Standard never had an opportunity to consider whether Plaintiff met the more stringent "Any Occupation" definition of Disability due to

---

[4] APP 679-683.
[5] Dkt. 86.

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS, FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT PURSUANT TO FRCP 52, 59, AND 60**                                              **PAGE 2**

the filing and pendency of this lawsuit, the Court further found that Standard waived its right to request evidence of "Any Occupation" Disability through the date of its Findings.

In sum, Standard contends that the Court erred in awarding Plaintiff Policy benefits into the "Any Occupation" period, and therefore respectfully requests that the Court grant the Motion and amend its Findings and Judgment to order a remand of these issues.

## II. <u>ARGUMENT AND AUTHORITY</u>

### A. <u>The Legal Standards for the Motion.</u>

Standard brings this Motion pursuant to Federal Rules of Civil Procedure 52(b), 59(a)(2), 59(e), and 60(b). Rule 52(b) permits courts to amend or make additional findings after entry of judgment.[6] The purpose of Rule 52(b) is to correct manifest errors of law or fact or, in some limited situations, to allow a party to present newly discovered evidence.[7] Rule 59(a)(2) provides that after a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.[8] "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial."[9] A Rule 59(e) motion "calls into question the correctness of a judgment."[10] It "serves the narrow purpose of allowing a

---

[6] Fed. R. Civ. P. 52.
[7] *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).
[8] Fed. R. Civ. P. 59(a)(2).
[9] *Asarco LLC v. Americas Min. Corp.*, Civ. A. No. 07–CV–10018, 2009 WL 2168778, at *2 (S.D. Tex. July 20, 2009).
[10] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

party to correct manifest errors of law or fact or to present newly discovered evidence."[11] Lastly, Rule 60(b) allows a court to provide relief to a party from a prior ruling or judgment for the several reasons, among which include judgments based on mistake, inadvertence, surprise, or excusable neglect.[12] This rule allows a trial court to reopen a case and to "reconsider such matters so that [the court] can correct obvious errors or injustices . . . ."[13]

### B.    Grounds for Amended Findings and Judgment.

Standard is entitled to amended findings and judgment for each of the following reasons:[14]

### 1.    Standard Did Not Waive the Policy's Proof of Loss Requirement.

The Court erred in finding that Standard waived the Policy's proof of loss requirement through April 2020 and awarding LTD benefits into the "Any Occupation" period for two reasons.  First, Plaintiff has failed to exhaust his administrative remedies for his claim to "Any Occupation" benefits, such that courts within the Fifth Circuit have held that the appropriate remedy is remand.  Second, under both binding and persuasive precedent, remand is the appropriate remedy where Standard has not yet had an opportunity to make an initial determination regarding Plaintiff's entitlement to "Any Occupation" disability benefits. Accordingly, the Court should amend its Findings and Judgment and order Plaintiff's claim for benefits under the "Any Occupation" definition of Disability be remanded to the claims administrator for determination.

---

[11] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).
[12] Fed. R. Civ. P. 60(b).
[13] *Fackelman v. Bell*, 564 F.2d 734, 735-36 (5th Cir. 1977).
[14] Standard is also entitled to amended findings and judgment for the reasons set forth in detail in its dispositive motion (Dkts. 38-40) and Trial Brief (Dkt. 75), which are incorporated herein by reference

### a.    Plaintiff Failed to Exhaust his Administrative Remedies

At the outset, it is important to note that Plaintiff did not argue Standard had waived its opportunity to conduct its "Any Occupation" investigation until his Trial Brief,[15] to which Standard did not have an opportunity to respond.  Now that it has become clear for the first time that Plaintiff seeks "Any Occupation" benefits as part of his Section 1132(a)(1)(B) claim, Standard hereby objects to this request because the claim for these benefits is subject to the other requirements that the Fifth Circuit has placed on any Section 1132(a)(1)(B) claim—namely, the requirement that a claimant exhaust his administrative remedies prior to asserting any such claim.  Accordingly, Standard objects to the award of "Any Occupation" benefits because Plaintiff has failed to exhaust his administrative remedies with respect to his claim for benefits under this definition of Disability.

It is well settled in this circuit that plaintiffs must exhaust available administrative remedies before filing suit to recover benefits under an ERISA plan.[16]  Although not contained in the statute itself, this jurisprudential requirement is designed to "keep from turning every ERISA action, literally, into a federal case."[17]  The Fifth Circuit has recognized an exception to the exhaustion requirement when exhaustion of administrative

---

[15] *See* Pl.'s Complaint ¶¶ 179, 182, and 196 (discussing waiver only in the limited context of Standard's ability to review Plaintiff's additional medical records submitted with his June 13, 2018 letter).

[16] *See Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000); *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 231 (5th Cir. 1997); *Denton v. First Nat'l Bank of Waco*, 765 F.2d 1295, 1300–03 (5th Cir. 1985).

[17] *Denton*, 765 F.2d at 1300.

BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS,
FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT
<u>PURSUANT TO FRCP 52, 59, AND 60</u>                              PAGE 5

remedies is futile.[18]  Courts can dismiss a plaintiff's claim for benefits without prejudice to refiling when he fails to exhaust his administrative remedies under ERISA.[19]

In this case, Plaintiff cannot show that he exhausted his administrative remedies with respect to a claim for benefits under the "Any Occupation" definition of Disability.  It would be impossible for him to do so, given that Plaintiff could not have made an initial claim under this definition of Disability until September 3, 2018—*after* Plaintiff filed suit. Because Plaintiff has neither made an initial claim for "Any Occupation" benefits under the Policy, nor exhausted his administrative remedies for that claim, the Court must vacate its award of "Any Occupation" benefits and remand this claim to the administrator. Moreover, Plaintiff has not argued, or submitted competent evidence, establishing that it would be futile for Standard to have the opportunity to apply a different definition of Disability.  It is impossible for him to do so because there is no evidence in the administrative record about Plaintiff's condition after the expiration of the "Own Occupation" period or during the "Any Occupation" period—which began during this litigation.  Accordingly, the Court cannot find futility on this administrative record.[20]  As such, Plaintiff should not be awarded benefits under the "Any Occupation" definition of disability due to Plaintiff's failure to exhaust his administrative remedies.

---

[18] *See Bourgeois*, 215 F.3d at 479 n. 5 (citing *Hall*, 105 F.3d at 232).
[19] *See, e.g., Moss v. Unum Provident Group Corp.,* CIV.A. 10-0002, 2013 WL 1087688, at *3 (W.D. La. Mar. 14, 2013).
[20] *Barbu v. Life Ins. Co. of N. Am.*, 35 F. Supp. 3d 274, 297 (E.D.N.Y. 2014).

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS, FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT PURSUANT TO FRCP 52, 59, AND 60**                                     **PAGE 6**

**b.    Remand is Appropriate under Binding and Persuasive Precedent**

1.    Remand is Appropriate under Fifth Circuit Precedent

Second, Fifth Circuit authority provides that remand is typically the appropriate remedy when an issue was not considered by a plan administrator.  ERISA provides federal courts with jurisdiction to review benefits determinations made by fiduciaries or plan administrators.[21]   A district court's function when reviewing ERISA claims is like an appellate court's.[22]   But Standard never had a chance to consider/develop the administrative record for Plaintiff's claim under the "Any Occupation" definition of Disability since Plaintiff filed suit before that definition took effect.  Where there is no initial determination of Plaintiff's claim under the "Any Occupation" definition of Disability, Fifth Circuit precedent establishes that there was nothing for the Court to review here.

The Fifth Circuit has long held that allowing a court to make the initial benefits decision for itself, and thus bypassing ERISA's procedures for making benefit decisions, would be erroneous.  In *Schadler*, the Fifth Circuit stated that it "would stand ERISA on its head if we countenanced bypassing the procedures provided by the statute for making benefits decisions in favor of making the initial benefits decision ourselves."[23]   Courts within the Fifth Circuit, including a court within this District, have applied *Schadler* and

---

[21] 29 U.S.C. § 1132(a)(1)(B); *see also Lopez ex rel. Gutierrez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, 509 (5th Cir. 2004).

[22] *Bullard v. Life Ins. Co. of N. Am.*, CIV.A. H-10-735, 2011 WL 11202, at *3 (S.D. Tex. Jan. 3, 2011).

[23] *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 398 (5th Cir. 1998).

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS,**
**FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT**
**PURSUANT TO FRCP 52, 59, AND 60**                                                          **PAGE 7**

its progeny[24] to deny the award of "Any Occupation" benefits when the administrator has

not had a chance to review.  This is exactly the situation pending before this Court.

For example, in *Bray v. Fort Dearborn Life Ins. Co.*, Judge Boyle was faced with

the question of whether to award "Any Occupation" benefits after finding that an

administrator erroneously denied benefits under the "Own Occupation" definition of

disability in the subject policy.  Citing *Schadler*, Judge Boyle refused to award "Any

Occupation" benefits because "the administrator never had an opportunity to address

whether Bray was entitled to 'any other occupation' benefits under the terms of the plan."[25]

Moreover, Judge Boyle *expressly* rejected Bray's argument that the administrator waived

its right to consider past "any other occupation" benefits.[26]  Citing the application of a new,

unconsidered definition of disability, Judge Boyle awarded Bray only "Own Occupation"

benefits and remanded the case to the administrator for consideration on whether Bray was

disabled under the "Any Occupation" definition.[27]  The Fifth Circuit thereafter affirmed

the trial court's remand to the administrator.[28]

The same result is appropriate here.  The definition of Disability under the Policy

changed to a more stringent test on September 3, 2018.  Because Plaintiff filed suit before

---

[24] *See, e.g.*, *Roig v. Limited Long Term Disability Program*, 2001 WL 1267475, at *4 (5th Cir. 2001) (remanding case to the administrator, which had not had an opportunity to determine whether the plaintiff was entitled to the additional benefits at issue);

[25] *Bray v. Fort Dearborn Life Ins. Co.*, No. 3:06-cv-560 (Dkt. 100 at 2-3).

[26] *Id.* at 2 n.1.

[27] *Id.* at 2-3.

[28] *Bray v. Fort Dearborn Life Ins. Co.*, 312 F. App'x 714, 716 (5th Cir. 2009).  *See also Rucker v. Life Ins. Co. of N. Am.*, CIV.A. 10-3308, 2012 WL 956507, at *8 (E.D. La. Mar. 20, 2012) ("Because LINA denied Plaintiff's claims during the 'own occupation' period, it did not make a determination as to whether Plaintiff would be entitled to benefits under the more stringent 'any occupation' standard. LINA must first be afforded the opportunity to make this initial determination before such a claim can be reviewed by the Court.  As a result, the only benefits currently at issue in this case are those payable under the 24-month 'own occupation' period.").

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS,**
**FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT**
<u>**PURSUANT TO FRCP 52, 59, AND 60**</u>                                                    **PAGE 8**

the "Any Occupation" definition took effect, the administrative record is undeveloped as to this question such that it is inappropriate for the Court to engage in its "appellate court review" on the issue of entitlement to benefits under the "Any Occupation" period.

This result is necessary for several practical reasons.  Plaintiff's Own Occupation was that of a Carpenter, which is a medium strength occupation.[29]  There are five strength ratings in the <u>Dictionary of Occupational Titles</u>: (1) Sedentary; (2) Light; (3) Medium; (4) Heavy; and (5) Very Heavy.[30]  It is entirely possible that Plaintiff could perform a sedentary, or even light, occupation.  But, since Standard closed Plaintiff's claim during the 24-month "Own Occupation" period, it never examined his ability to work in other occupations, or whether he was indeed working during the Any Occupation period.  Such an analysis during the "Any Occupation" period would likely require, among other things, an identification of potential other occupations for which Plaintiff would be qualified, whether those other occupations would be "gainful" for Plaintiff, and whether Plaintiff could perform the material and substantial duties of those other gainful occupations.  None of this "Any Occupation" analysis has been completed, however—Standard never reached this second part of the analysis because it determined that Plaintiff's disabling conditions were limited under the OLC Limitation and Plaintiff challenged this decision before the "Any Occupation" definition of Disability took effect.  Because the administrative record is not developed regarding Plaintiff's ability to perform "Any Occupation," the proper remedy under Fifth Circuit precedent is for the Court to award the accrued back-benefits

---

[29] APP 785.
[30] APP 789.

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS, FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT PURSUANT TO FRCP 52, 59, AND 60**                                              **PAGE 9**

for the "Own Occupation" period and then remand the claim to Standard to determine if Plaintiff satisfies the more stringent "Any Occupation" standard.

2.    <u>Remand is the Appropriate Remedy under Persuasive Precedent</u>

While some courts have found that waiver can arise when a plan administrator had an opportunity to consider a transition from an Own Occupation to an Any Occupation definition of Disability prior to a lawsuit being filed, courts beyond the Fifth Circuit have held that remand—not waiver or a retroactive reinstatement of benefits—is the appropriate remedy where an administrator has not yet determined a plaintiff's entitlement to benefits under a different standard of disability before the lawsuit was filed.  The Court should find these cases instructive and remand Plaintiff's claim for "Any Occupation" benefits.

For example, in *Barbu v. Life Insurance Co. of North America*, an ERISA claimant challenged the administrator's determination that he was not disabled from his "Regular Occupation."[31]  After conducting a *de novo* review of the administrator's adverse benefit determination, the *Barbu* court found the claimant disabled under the "Regular Occupation" standard.[32]  But the policy in *Barbu* had a split-definition of disability.  The disability standard changed after twenty-four months of benefits to an "Any Occupation" standard, and the administrator did not have an opportunity to apply this standard to Barbu's claim for benefits because Barbu filed suit before that definition of disability took effect.[33]  The *Barbu* court declined to award "Any Occupation" benefits, distinguishing a

---

[31] *Barbu v. Life Ins. Co. of N. Am.*, 35 F. Supp.3d 274, 278 (E.D.N.Y. 2014).
[32] *Id.*
[33] *Id.* at 278-79.

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS, FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT <u>PURSUANT TO FRCP 52, 59, AND 60</u>**    **PAGE 10**

case decided on waiver grounds on the basis that the administrator there never had an opportunity to consider the "Any Occupation" standard before the beginning of the lawsuit.[34]   The *Barbu* court also found that remand was appropriate because the administrative record contained no evidence about Barbu's condition after the expiration of the "Regular Occupation" period or his condition during the "Any Occupation" period.

Like the administrator in *Barbu*, Standard never had an opportunity to consider the "Any Occupation" definition of Disability given that Plaintiff filed his lawsuit before this definition took effect.  Accordingly, Standard cannot have waived a right that did not exist until after the lawsuit began.[35]  Also, as in *Barbu*, the administrative and trial records here are devoid of any evidence either from the "Any Occupation" period, or demonstrating Plaintiff's inability to perform "Any Occupation."  Accordingly, remand is appropriate.[36]

For each of the foregoing reasons, Standard is therefore entitled to amended Findings and Judgment because remand for a determination under the "Any Occupation" definition is the only appropriate legal remedy under ERISA in this case.

---

[34] *Id.* at 297.

[35] *See generally Mem'l Hermann Hosp. Sys. v. Hayden*, 01-13-00154-CV, 2014 WL 2767128, at *5 (Tex. App.—Houston [1st Dist.] June 17, 2014, pet. denied) ("A party cannot waive a hypothetical right—it must be a 'right actually known.' Stated differently, a party cannot waive a right that does not exist at the time.").

[36] Various courts beyond the Fifth Circuit have instructed that a remand to the insurer or claims administrator is appropriate under these circumstances.  *See, e.g.*, *Pakovich v. Broadspire Servs., Inc.*, 535 F.3d 601, 607 (7th Cir. 2008) ("Here, the Plan Administrator did not issue any decision on [insured]'s eligibility for disability benefits under the 'any occupation' standard, which, like the former example above, left the district court with nothing to review. . . . We therefore adopt the first part of the Eighth Circuit's rule for this Court, holding that when the plan administrator has not issued a decision on a claim for benefits that is now before the courts, the matter must be sent back to the plan administrator to address the issue in the first instance."); *Adams v. Hartford Life & Acc. Ins. Co.*, 2010 WL 2197173, at *2 (M.D. Ga. 2010) ("Defendant only examined Plaintiff's claim for disability benefits under the 'own occupation' provision of the group policy. Defendant has not yet investigated or developed the record to determine whether Plaintiff is entitled to benefits under the 'any occupation' definition of the group policy. Therefore, the Court finds that remand is appropriate in this case . . . .").

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS, FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT PURSUANT TO FRCP 52, 59, AND 60**                                        **PAGE 11**

### 2.      The Cases Cited by Plaintiff Do Not Change this Result

Instead of acknowledging the foregoing authorities, Plaintiff cites authority from both within and beyond the Fifth Circuit in support of his burden to prove[37] that Standard waived its ability to conduct its "Any Occupation" investigation.  However, all authority cited by Plaintiff is legally and/or factually inapposite for the reasons discussed below.

### a.      Plaintiff's Inapposite Authority from Within the Fifth Circuit

As an initial matter, Plaintiff cited misleading propositions to the Court under the guise of Fifth Circuit authority for his position that Standard waived the Policy's proof of loss requirement.  For example, Plaintiff cited *Pitts* and *Rhorer* for the general proposition of waiver in ERISA cases; however, these cases are totally inapposite as they relate to waiver of evidence of insurability issues.[38]  Additionally, Plaintiff cites *Vega* in support of his argument that Standard's refusal to consider the additional records he submitted after it completed Plaintiff's appeal constituted waiver of its opportunity to conduct an "Any Occupation" investigation.[39]  This argument bears no relation to the Fifth Circuit's holding in *Vega*.  The *Vega* court considered whether a claimant could add additional evidence to the administrative record by giving the administrator an opportunity to consider it.[40]  The question of whether an administrator waives the opportunity to consider *additional*

---

[37] *See generally Hargis v. Idacorp Energy L.P.*, CIVA H-04-1692, 2005 WL 6456898, at *7 n.1 (S.D. Tex. Oct. 26, 2005) ("Plaintiff bears the burden of showing that Standard waived the evidence of insurability requirement, . . ."); *Sullivan v. AT & T, Inc.*, C/A 3-08-CV-1089-M, 2010 WL 905567, at *2 (N.D. Tex. Mar. 12, 2010) (party asserting waiver of ERISA claim carries burden).

[38] *Pitts v. Am. Sec. Life Ins. Co.*, 931 F.2d 351, 357 (5th Cir. 1991) (finding insurer waived group policy's requirement that it cover at least ten employees because it accepted premium checks for five months after learning there was only one employee remaining on the group policy); *Rhorer v. Raytheon Engineers & Constructors, Inc.*, 181 F.3d 634, 645 (5th Cir. 1999) (finding insurer waived active work requirement of policy when it permitted insured to enroll in optional life insurance and accepted his premiums despite knowing that insured was not working).

[39] Dkt. 72 at 18.

[40] *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 300 (5th Cir. 1999)

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS, FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT PURSUANT TO FRCP 52, 59, AND 60**                                    **PAGE 12**

*evidence* during an administrative review is separate and apart from the question of whether an administrator's refusal to consider additional evidence constitutes waiver of its ability to conduct an investigation under an unripe definition of disability. The Court should reject this, as Plaintiff's conflation of these issues takes *Vega* a bridge too far.

But perhaps most egregious is Plaintiff's citation to *LaFleur v. Louisiana Health Serv. & Indem. Co.* in support of his argument that the Fifth Circuit has suggested that retroactive reinstatement of benefits would be a fair remedy.[41] This is wrong for several reasons. First, the Fifth Circuit *expressly* stated that it was not expressing an opinion on whether retroactive reinstatement of benefits was an appropriate remedy.[42]

Second, *LaFleur* is legally inapposite to the case at bar. Specifically, in *Lafleur*, in undertaking to identify the scope of available remedies for *procedural violations*, the Fifth Circuit held "[r]emand to the plan administrator for full and fair review is usually the appropriate remedy when the administrator fails to substantially comply with the procedural requirements of ERISA."[43] The court explained,

> This position is consistent with the default rule of other circuits and our pronouncement in [*Wade v. Hewlett–Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533 (5th Cir. 2007)] that procedural violations of ERISA generally do not give rise to a substantive damages remedy. When the procedural violations are non-flagrant, remand is typically preferred over a substantive remedy to which the claimant might not otherwise be entitled under the terms of the plan. *See* [*Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 240 (4th Cir. 2008)]; *see also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989) ("ERISA was enacted to promote the interests of employees and their beneficiaries in employee benefit plans and

---

[41] Dkt. 72 at 19.
[42] *Lafleur v. Louisiana Health Serv. & Indem. Co.*, 563 F.3d 148, 160 (5th Cir. 2009).
[43] *Id.* at 157.

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS, FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT PURSUANT TO FRCP 52, 59, AND 60**                                                **PAGE 13**

to protect contractually defined benefits.") (emphasis added) (citation omitted).[44]

However, the court identified two exceptions to this default rule. First, "'where the record establishes that the plan administrator's denial of the claim was an abuse of discretion as a matter of law.'"[45]  The court stressed this is a narrow exception, stating:

> "A remand for further action is unnecessary only if the evidence clearly shows that the administrator's actions were arbitrary and capricious, or the case is so clear cut that it would be unreasonable for the plan administrator to deny the application for benefits on any ground." *Caldwell* [*v. Life Ins. Co. of N. Am.*], 287 F.3d [1276] at 1289 [(10th Cir. 2002)] (internal citations and quotation marks omitted). If the administrative record reflects, at minimum, a colorable claim for upholding the denial of benefits, remand is usually the appropriate remedy.

The second exception recognized by the *Lafleur* court is "where remand would be a useless formality."[46]  The court noted:

> An administrator's failure to substantially comply with the procedural requirements of ERISA will usually prevent a plaintiff from adequately developing the administrative record and presenting his arguments, so this futility exception should be narrowly construed and sparingly applied. The court might find that remand would be a useless formality where "much, if not all, the objective [ ] evidence supports the conclusion that [the] plaintiff [is not covered under the terms of the policy]." *See Kent v. United of Omaha Life Ins. Co.*, 96 F.3d 803, 807 (6th Cir.1996). In making this determination, the court should consider not only the evidence in the administrative record, but also the evidence that the plaintiff would have submitted but for the administrator's procedural violations. The administrator should not be allowed to hinder the development of the administrative record through its procedural violations, and then invoke the futility exception based solely on the limited evidence contained within that record.

---

[44] *Id.* at 157-58.
[45] *Id.* at 158 (quoting *Gagliano*, 547 F.3d at 240).
[46] *Id.* at 158 n. 22.

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS, FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT PURSUANT TO FRCP 52, 59, AND 60**

*Lafleur* does not apply to the instant case for several reasons. Here, the Court did not find, much less consider, that Standard failed to substantially comply with ERISA's procedural requirements. Even if the Court had found that Standard violated ERISA's procedural requirements, remand is the only appropriate remedy here where the two exceptions enumerated in *Lafleur* are inapplicable for similar reasons. First, it cannot be said that Standard improperly denied Plaintiff "Any Occupation" benefits when it has not been afforded an opportunity to make any initial determination. Second, Plaintiff's entitlement to "Any Occupation" benefits cannot be described as "clear cut." In fact, the Court acknowledged that it was not apparent that Standard would need to find Plaintiff continually disabled from his wrist conditions until it issued its Findings.[47] For these reasons, *Lafleur*'s exceptions do not apply and remand is the only appropriate remedy.

Because Plaintiff fails to point to any relevant Fifth Circuit authority regarding waiver of Standard's "Any Occupation" investigation, the Court should amend its Findings and Judgment and remand the case to the administrator for an Any Occupation review.

### b.    Plaintiff's Inapposite Authority from Beyond the Fifth Circuit

Plaintiff's citations to authorities beyond the Fifth Circuit are likewise inapplicable and do not support waiver. For example, Plaintiff cites the Ninth Circuit's *Salyers* case in support of his proposition of waiver; however, this case again relates to the waiver of evidence of insurability issues.[48] Plaintiff largely relies on the Tenth Circuit's holding in

---

[47] Dkt. 84 at 9.
[48] *Salyers v. Metropolitan Life Ins. Co.*, 871 F.3d 934, 941 (9th Cir. 2017) (finding insurer waived evidence of insurability requirement when it accepted premiums after not receiving the evidence of insurability form and representing coverage).

*Ray v. UNUM Life Ins. Co.* as support of his proposition that waiver of a proof of continuing disability can justify a retroactive award of benefits.[49]  This should similarly be rejected.

In *Ray*, the claimant sought future LTD benefits under an ERISA policy.  The policy at issue had one definition of disability:[50]

> "Disability" and "disabled" mean that because of injury or sickness the insured <u>cannot perform each of the material duties of his regular occupation</u>.
>
> Note: For attorneys, "regular occupation" means the specialty in the practice of law which the insured was practicing just prior to the date disability started.

The policy also required that the claimant give proof of continued disability within thirty days of the administrator's request.[51]  After reviewing the administrative record, the trial court found that the claimant was disabled under the policy and awarded LTD benefits through the policy's maximum benefit period, including an eight-year period during which the claim was closed (the "retroactive benefits").[52]  The administrator argued that the trial court's award of retroactive benefits was erroneous because the policy required claimant to provide proof of continuing disability and it was entitled to make benefit decisions in the first instance.[53]  The Tenth Circuit affirmed the trial court's award of retroactive benefits because (1) the administrator never requested proof of continuing disability despite

---

[49] Dkt. 72 at 19.
[50] Brief of Appellant at 9, *Ray v. UNUM Life Ins. Co. of Am.*, 224 F. App'x 772 (10th Cir. 2007) (No. 05-1284).
[51] *Ray v. UNUM Life Ins. Co. of Am.*, 224 F. App'x 772, 780 (10th Cir. 2007).
[52] *Id.* at 779.
[53] Brief of Appellant at 56, *Ray v. UNUM Life Ins. Co. of Am.*, 224 F. App'x 772 (10th Cir. 2007) (No. 05-1284).

its burden to do so; and (2) the administrative record was complete and the denial of benefits was unreasonable.[54]

*Ray* is distinguishable from the case at bar for two simple reasons. First, there was only *one* definition of disability in Ray's policy. Thus, a finding that Ray satisfied her proof of loss requirement under that definition of disability would necessarily mean she was "disabled" until her condition changed. But here, the Policy's definition of Disability changed as of September 3, 2018.[55] The Court's award of benefits into the "Any Occupation" period practically amounts to a finding that Plaintiff met this new definition without an opportunity for Standard to consider such. This is improper under ERISA. Second, the *Ray* court awarded retroactive benefits because the administrative record was complete and the administrator's denial of benefits was unreasonable. A similar finding is impossible here because, the administrative record is incomplete for all of the reasons articulated above and Standard has yet to consider whether Plaintiff meets the "Any Occupation" definition of Disability. Indeed, how could Standard have considered such, when Plaintiff filed his lawsuit before that definition took effect. With that change in definition of Disability came Plaintiff's burden to establish proof of loss under the new definition—a burden which Plaintiff has failed to carry on the administrative record before the Court. For these reasons, *Ray* is inapplicable here.

Simply put, Plaintiff has proffered no binding authority for the proposition that Standard has waived its right to an "Any Occupation" review, or that the binding authorities

---

[54] *Ray*, 224 F. App'x at 780-782.
[55] APP 670.

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS, FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT PURSUANT TO FRCP 52, 59, AND 60**                                    **PAGE 17**

requiring remand should be rejected.  Moreover, the scant persuasive authority cited by Plaintiff is both legally and factually inapposite in any event.  For these additional reasons, the Court should amend its Findings and Judgment to award back benefits through September 2, 2018, and remand Plaintiff's claim to the administrator for a determination of Plaintiff's eligibility for LTD benefits under the "Any Occupation" definition.

### 3.  Requiring a Premature "Any Occupation" Analysis Would Unduly Burden Plan/Claim Administrators.

Lastly, the practical implications of the Court's award here into the "Any Occupation" period would unduly burden plan/claim administrators in future cases.  Specifically, in the event of any policy or plan which provides for shifting definitions of disability, Plaintiff's construct of "waiver" would require a plan/claims administrator to continue analyzing a participant's claim for benefits under each subsequent definition of disability, even after it has issued a final adverse benefit determination under the previous definition.  This cannot be so.  Otherwise, this would require that an administrator expend plan resources to make a determination that had not yet ripened for consideration—solely in *anticipation* of a *possible* reversal on the "Own Occupation" issue on appeal.[56]   Such a requirement would clearly thwart the Legislature's aims for efficient plan administration under ERISA.  For this additional reason, the Court should amend its Findings and Judgment to award back benefits through September 2, 2018, and then remand Plaintiff's

---

[56] *See, e.g.*, *Pakovich v. Broadspire Servs., Inc.*, 535 F.3d 601, 605 (7th Cir. 2008) ("We agree with Broadspire that it is unnecessary for plans to hedge their bets on a possible reversal on appeal by requiring that, after a plan has already found that an employee does not qualify for disability benefits under the 'own occupation' standard, it also must determine whether the employee is disabled from 'any occupation.' Requiring this further analysis would be impractical and redundant.").

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO AMEND FINDINGS, FOR NEW TRIAL, AND TO MODIFY OR CORRECT THE JUDGMENT PURSUANT TO FRCP 52, 59, AND 60**                         **PAGE 18**

claim to the administrator for a determination of Plaintiff's eligibility for LTD benefits under the Policy's "Any Occupation" definition of Disability.

## III.  RELIEF REQUESTED

For the reasons set forth above, Standard requests that the Court grant the Motion, amend the existing Findings and Judgment and order a new trial, and grant all other relief, general or special, at law or in equity, to which Standard may be justly entitled.

Respectfully submitted,

By:    */s/ Ryan K. McComber*
Ryan K. McComber
Texas Bar No. 24041428
ryan.mccomber@figdav.com
Cameron E. Jean
Texas Bar No. 24097883
cameron.jean@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas  75202
TEL: 214-939-2000
FAX: 214-939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all others will be notified via certified mail, return receipt requested on May 12, 2020.

*/s/ Ryan K. McComber*
Ryan K. McComber