IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE CHAVEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-2013-N |
| | § | |
| STANDARD INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

# ORDER

This Order addresses Defendant Standard Insurance Company's ("Standard") motion to amend findings, etc. [92].  Because the Court finds that Standard has waived its position, the Court denies the motion.

Plaintiff Chavez had a wrist problem.  He applied for long term disability ("LTD") benefits which Standard paid beginning September 2016.  Standard requested a medical referral in July 2017, which resulted in termination of Chavez's LTD benefits.  After considerable pretrial skirmishing, the parties submitted the issue to the Court for trial de novo on the administrative record.  Based on that record, the Court found Chavez was entitled to LTD benefits through the date of judgment, as Chavez requested.

Standard moves to amend the judgment because the LTD plan provides "own occupation" benefits for 24 months, after which it provides "any occupation" benefits. *See* Administrative Record, Ex. A at 1 [73].  Standard contends that the Court may award benefits only through the own occupation period and must remand for an administrative

ORDER – PAGE 1

determination of any occupation disability in the first instance.  Standard, however, has waived that position.

Standard acts as if a beneficiary must engage in a two step benefit process: first, apply for "own occupation" benefits and, second, later apply for "any occupation" benefits.  That is not the case.  The summary plan description requires only a single application for LTD benefits.  *See generally* Administrative Record, Ex. A [73] [hereinafter "SPD"].  The SPD permits Standard to request further medical examination of a claimant.  *See* SPD 18.  Standard was well aware of that procedure, as it based its denial of Chavez's benefits on such an examination.  Standard was also aware that Chavez's "own occupation" period ended on September 2, 2018.  Nonetheless, Standard did not request a medical evaluation of Chavez under the "any occupation" definition of disability and made no administrative determination of "any occupation" disability.

"*Waiver* is the voluntary or intentional relinquishment of a known right."  *Pitts v. Am. Sec. Life Ins. Co.*, 931 F.2d 351, 357 (5th Cir. 1991) (ERISA case, emphasis in original).  Standard knew Chavez in this case was seeking LTD benefits through the date of judgment.[1]  Standard knew nothing in the SPD required Chavez to make a separate claim for "any occupation" benefits.  Standard knew it could request a new physical examination of Chavez to make an "any occupation" determination of disability.  Nonetheless, Standard elected not to take action.  "These actions constitute a classic example of waiver."  *Id.*

---

[1] In fact, Chavez also sought prospective benefits, which the Court did not award.

ORDER – PAGE 2

Two points about the Court's rulings are worth noting. First, the Court does not hold or find that Chavez was or is entitled to any occupation benefits. The Court simply held that by failing to initiate any administrative action by the time of judgment, Standard has waived the right to a retrospective administrative determination through judgment. Second, nothing in the Court's judgment prevents Standard from initiating such review tomorrow.

ERISA's written notice requirement also supports the Court's waiver finding. ERISA requires a plan administrator to provide written notice of "the specific reasons for such denial" of benefits. 29 U.S.C. § 1133(1). Standard never gave notice to Chavez that it was denying benefits because Chavez did not meet the definition of "any occupation" disability. To permit Standard now to assert that basis for denial when it declined to assert it in the administrative level would violate the purpose of ERISA's written notice requirement. In essence, when Standard elected not to raise "any occupation" at the administrative level, it in effect "doubled down" on the stated basis of its administrative denial. Having lost that bet, it must now pay up.

Standard relies on the Seventh Circuit's *Pakovich* case. This Court recently distinguished *Pakovich* in a similar context:

> Reliance argues that if the Court gets to this point, it should remand for Reliance to determine in the first instance whether Newsom is disabled. In support of that position, it cites *Pakovich v. Broadspire Servs., Inc.*, 535 F.3d 601 (7th Cir. 2008). For several reasons, *Pakovich* is distinguishable from the circumstances here.
>
> Pakovich worked as a sales representative for Verizon, which had an ERISA plan providing long term disability benefits. *Id.* at 602. For the first 24 months, the plan provided benefits for "own occupation" disability, after

ORDER – PAGE 3

which it provided benefits for "any occupation" disability. *Id.* Although her claim was initially approved, a new plan administrator caused Pakovich to be examined by different physicians and decided to terminate her "own occupation" benefits. The administrator also told her that it would, in the future, make a determination of "any occupation" benefits. *Id.* at 603.

Pakovich filed suit in federal district court. The district court first held that the administrator's decision to terminate "own occupation" benefits was arbitrary and capricious. *Id.* The district court then went on to determine in the first instance that Pakovich was not entitled to "any occupation" benefits. *Id.* Pakovich appealed this second holding, arguing that the administrator was entitled to make the initial determination regarding "any occupation" benefits. The Seventh Circuit agreed and reversed the district court's second holding to allow for remand to the administrator.

The court of appeals relied on several factors not present here. First, the plan there gave the administrator discretion and was reviewable only under an arbitrary and capricious standard. *Id.* at 606. The parties agree here that de novo review by the Court is the standard. In *Pakovich*, there was no decision at the administrative level on "any occupation" benefits for the district court to review with deference. *Id.* Here, the question before the Court – own occupation benefits – is the precise question Reliance decided at the administrative level, and this Court's review of that decision is de novo, not deferential. In *Pakovich*, the administrative record was not developed on the "any occupation" issue. *Id.* at 607. Here the record is fully developed regarding Newsom's disability – at least by Newsom; the only reason it may not be developed by Reliance is because of Reliance's choice not to develop it. This Court thus finds *Pakovich* is not persuasive on the question of remand.

The Court believes that remand is not appropriate for two additional reasons. First, Reliance is limited before this Court to defending the reasons on which it relied at the administrative level for denial. *See Lafleur, supra*. Remanding to give Reliance a second bite at the denial apple would violate that rule. Second, allowing plan administrators the ability to seriatim deny benefits for different reasons would unduly prolong the benefit process. Accordingly, the Court will not remand for Reliance to have a second chance to decide whether Newsom is disabled.

*Newsom v. Reliance Standard Life Ins. Co.*, Civil Action No. 3:19-CV-1446-N, 2020 WL 5411702, at *6 (N.D. Tex. Sep. 9, 2020) (awarding LTD benefits through date of judgment

ORDER – PAGE 4

and declining to remand, footnote omitted) [19]. Though *Newsom* is not precisely on all fours with this case, the Court believes the major point stands. *Pakovich* is not persuasive in this context.[2]

It appears that the remand issue may be coming up more frequently following *Ariana M.*[3] *Ariana M.* looks to protract proceedings in the trial court making it more likely that an own occupation period will expire during the pendency of district court proceedings. In some respects the issue comes down to a policy assessment of which party is better situated to raise the issue of "any occupation" at the administrative level. For all the reasons stated, the Court believes the answer to that question is: the plan administrator. Accordingly, the Court denies Standard's motion.

Signed September 30, 2020.

David C. Godbey
United States District Judge

---

[2] Two other cases cited by Standard merit mention. In *LaFleur v. Louisiana Health Serv. & Indem. Co.*, 563 F.3d 148 (5th Cir. 2009), the Circuit dealt with an administrator's failure to substantially comply with ERISA's procedural requirements. Its express holding that remand is usually the appropriate remedy was limited to that context. *Id.* at 157. Second, *LaFleur* was during a time when abuse of discretion was the standard for judicial review on the merits of administrative decisions; it is hard to review for abuse of discretion when there has been no exercise of discretion. The Court noted that remand would permit the district court to review the administrative decision under the appropriate standard. *Id.* at 160. Here the Court does not grant Chavez relief based on procedural errors and the Court would owe no deference to any administrative determination. *Bray v. Fort Dearborn Life Ins. Co.*, No. 3:06-CV-0560 (N.D. Tex. June 28, 2008) also dealt with abuse of discretion review.

[3] *Ariana M. v. Humana Health Plan of Tex., Inc.*, 884 F.3d 246 (5th Cir. 2018) (en banc).

ORDER – PAGE 5