IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE CHAVEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-2013-N |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Standard Insurance Company's ("Standard") motion to approve appeal bond and stay execution of judgment and Plaintiff Jose Chavez's motion for attorney's fees [88], [95]. Because Chavez has achieved some success on the merits, the Court grants Chavez's motion for attorney's fees at a reduced amount. The Court approves the bond amount with reduced attorney's fees.

### I. ORIGINS OF THE DISPUTE

Plaintiff Chavez had a wrist problem. He applied for long term disability ("LTD") benefits which Standard paid beginning September 2016. Standard requested a medical referral in July 2017, which resulted in termination of Chavez's LTD benefits. After considerable pretrial skirmishing, the parties submitted the issue to the Court for trial de novo on the administrative record. Based on that record, the Court found Chavez was entitled to "long-term disability benefits accrued through April 2020, plus prejudgment interest using the agreed method of calculation, in the amount of $52,850.40," plus costs

MEMORANDUM OPINION AND ORDER – PAGE 1

of court. *See* Final J. [86]. The Court denied an award of future payments. Chavez moved for a discretionary award of attorney's fees of $148,954.67, plus conditional fees of $48,000 if Defendants seek appellate review. Chavez additionally requested $19,372.28 for the additional hours and Westlaw charges from filing his reply. In total, Chavez seeks $168.326.95, plus conditional fees of $48,000.

## II.  LEGAL STANDARD FOR ATTORNEY'S FEES

"In any action under [ERISA] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Courts apply a "some success on the merits" standard to determine when an award of attorney's fees is appropriate in an ERISA case. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010). Courts may also consider the five *Bowen* factors.[1] *Id.*

After determining whether Plaintiff is entitled to an award of attorney's fees, the Court may allow reasonable attorney's fees. To determine a "reasonable" fee award, courts first calculate a "lodestar" amount by multiplying a reasonable billing rate by the number of hours reasonably spent litigating the successful claim. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008); *see also Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542,

---

[1] These factors are: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan of to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions*.*" *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).

551–52 (2010). "There is a strong presumption that [the] lodestar amount represents a reasonable fee." *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015 WL 3999171, at *9 (N.D. Tex. July 1, 2015). This calculation, however, excludes hours spent on "excessive, redundant, or otherwise unnecessary work" and on nonprevailing claims unrelated to successful claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983).

The Court may the increase or decrease the lodestar amount based on the *Johnson* factors:

> (1) the time and labor required to litigate the case,
> (2) the novelty and difficulty of the questions involved,
> (3) the skill required to perform the legal services properly,
> (4) whether taking the case precluded the attorney from other employment,
> (5) the customary fee for similar work in the community,
> (6) whether the fee is fixed or contingent,
> (7) time limitations imposed by the client or the circumstances,
> (8) the amount involved and the results obtained,
> (9) the experience, reputation, and ability of the attorneys,
> (10) the "undesirability" of the case,
> (11) the nature and length of the attorney-client relationship, and
> (12) awards made in similar cases.

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). However, the lodestar calculation necessarily "subsumes" some *Johnson* factors, and the Court may not take into account such "subsumed" factors when considering whether to alter the lodestar under the *Johnson* factors. *See Hensley*, 461 U.S. at 434 n.9; *Perdue*, 559 U.S. at 553. The fee applicant has the burden to demonstrate the amount of attorney's fees and any upward adjustment or enhancement under the *Johnson* factors. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 901–02 (1984).

MEMORANDUM OPINION AND ORDER – PAGE 3

### III. THE COURT GRANTS CHAVEZ'S MOTION FOR ATTORNEY'S FEES AT A REDUCED AMOUNT

When awarding attorney's fees in an ERISA case, courts look to whether the party achieved "some success on the merits." 29 U.S.C. § 1132(g)(1); *Hardt*, 560 U.S. 242 (2010). Here, the Court determines that Chavez has achieved "some success on the merits," namely a $52,850.40 judgment. Chavez requested an award of attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) in the amount of $168,326.96.[2] For the following reasons, the Court grants his motion at a reduced amount.

The Court first considers the "reasonableness" of the attorney's billing rate. "Reasonable" rates "are to be calculated according to the prevailing market rates in the relevant community." *McClain*, 649 F.3d at 381 (citing *Blum*, 465 U.S. at 895). In his declaration, Chavez's attorney states that he charges $400 per hour for legal services. Chavez's attorney claims that these rates are reasonable for ERISA professionals with similar experience and expertise in the Dallas, Texas area. The Court agrees that these billing rates are reasonable. *See Thomason*, 2018 WL 1174086, at *4.

Next, the Court considers whether the number of hours billed was reasonable. "The Court must determine the appropriate compensable hours based on the attorney's time records, and compensate only for those hours reasonably spent in relation to prevailing claims." *Coach Inc. v. Couture*, No. SA-10-CV-601-XR, 2012 WL 3249470, at *2 (W.D.

---

[2] Chavez initially requested $148,954.67, including $2,354.67 in Westlaw charges. District courts have awarded Westlaw charges as attorney's fees because computer-based legal research decreases the time attorneys spend on legal research. *See Thomason v. Metro. Life Ins. Co.*, No. 3:14-CV-86-K, 2018 WL 1174086, at *5 (N.D. Tex. Mar. 15, 2018). Chavez later requested $168.326.95 in attorney's fees after filing his reply.

MEMORANDUM OPINION AND ORDER – PAGE 4

Tex. 2012) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993)). Chavez's attorney alleges that he has spent 413.8 hours in total on this case, including 71.3 hours filing his reply for his motion for attorney's fees. Standard objects to this billing as excessive, arguing that, among other things, 45% of this time was spent on unsuccessful motions practice. The Court agrees. For what should have been a quick and efficient process on the administrative record, too much attorney time was spent on pretrial skirmishing, such as over 100 requests for production. *See* Def.'s Resp. to Mot. for Att'y's Fees at 15 n.57, 19 [96]. Thus, the Court determines that 413.8 hours was an unreasonable number of hours billed for this case.

Additionally, the Court determines that a further reduction in the lodestar amount is warranted after consideration of *Johnson* factor (8). Under *Johnson* factor (8), the Court may increase or decrease the lodestar amount based on the amount involved in the action and the result obtained. Here, Chavez obtained an award of LTD benefits in the amount of $52,850.40. Chavez sought, but ultimately was denied, an award of future payments. While the Court does not minimize the work done in this case, the amount in dispute and the relief obtained are relatively low. In light of Chavez's excessive motions practice and *Johnson* factor (8), the Court determines that the lodestar amount should be reduced by half. Accordingly, the Court awards Chavez the reduced lodestar amount of $84,163.48.

Chavez requests that the court award conditional attorney's fees of $48,000 for reasonable and necessary appellate fees, should Standard's appeal prove unsuccessful. Chavez's attorney arrives at this figure by multiplying his hourly rate of $400 per hour with an estimated 120 hours of attorney time required on appeal. Chavez's attorney avers that

MEMORANDUM OPINION AND ORDER – PAGE 5

120 hours would be reasonable based on his experience in litigating another appellate ERISA case in *Thomason*.[3]  The Court agrees that $48,000 is a reasonable appellate fee. *See, e.g.*, *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 847 (5th Cir. 2013) (affirming an award of $65,000 in conditional appellate fees).  Thus, the Court awards Chavez a conditional award of $48,000 if Standard's appeal proves unsuccessful.

### IV.  THE COURT APPROVES THE BOND AMOUNT WITH ATTORNEY'S FEES

Under Federal Rule of Civil Procedure 62, a party can obtain a stay if the party provides a bond.  FED. R. CIV. P. 62(b).  A stay pending appeal simply suspends judicial alteration of the status quo to allow the appellate court to bring its considered judgment to the matter before them.  The party seeking a stay must tender a bond to protect the judgment debtor against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.  *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).  The amount of the bond should include "the whole amount of the judgment remaining unsatisfied, costs on appeal, interest, and damages for delay." *Id.*

Standard tendered an Appeal Bond of $63,885.88 and moved this Court to approve the Appeal Bond and stay the execution of judgment.  This amount covers the Final Judgment and includes an additional 20% to cover interest and $465.00 for costs of court.  Although Chavez argues that Standard's motion fails to address Standard's obligation to pay future LTD benefits, Chavez was not awarded future benefits by this Court.  This Court

---

[3] *Thomason v. Metro. Life Ins. Co.*, 703 F. App'x. 247 (5th Cir. 2017).

MEMORANDUM OPINION AND ORDER – PAGE 6

acknowledged Standard's right to determine Plaintiff's entitlement to "Any Occupation" benefits from May 2020 and forward. Thus, Standard's proposed bond is sufficient to cover the Final Judgment with interest and costs of court included.

At the time of Standard's filing, the Court had yet to rule on Chavez's motion for attorney's fees. Because the Court awards Chavez $84,163.48 in attorney's fees, the Court includes the award of attorney's fees into the required bond amount. Because the Court finds that this bond will comply with all federal civil and federal appellate rules of procedure, the Court grants Standard's motion. *See* FED. R. APP. P. 3, 8(b); FED. R. CIV. P. 62. Thus, Standard should post an appeal bond of $63,885.88 plus attorney's fees of $84,163.48. Upon receipt of a bond in the amount of $148,049.36, the Court stays the execution of judgment pending appeal.

## CONCLUSION

The Court determines that Chavez's request for attorney's fees should be reduced in light of excessive motions practice and *Johnson* factor (8). Accordingly, the Court awards Chavez attorney's fees of $84,163.48. The Court approves Standard's bond amount plus attorney's fees and orders a stay of judgment upon receipt of a bond in the amount of $148,049.36.

Signed October 19, 2020.

David C. Godbey
United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 7